765 F.2d 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CRAWFORD CORPORATION, PLAINTIFF-APPELLANT,
v.
W. HAMILTON CRAWFORD AND LILLIAN W. CRAWFORD, DEFENDANTS-APPELLEES.
 NO. 84-5159
 United States Court of Appeals, Sixth Circuit.
 5/16/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 BEFORE: LIVELY, Chief Judge; MARTIN, Circuit Judge; and TIMBERS, Senior Circuit Judge*.
 PER CURIAM.
 
 
 1
 Following a previous appeal in this case, we concluded that the district court had failed to address an issue. We remanded to the district court for the purpose of making findings on that issue, while affirming the remainder of the judgment. See Crawford v. Wilson, 693 F.2d 606, 616 (6th Cir. 1983). In its amended complaint Crawford Corporation had charged W. Hamilton Crawford with breach of fiduciary duty in restructuring an agreement for the sale of corporate real estate referred to as 'the D'Arco and Kelly transaction.' On remand the district court was directed to make findings with respect to this claim. Id. at 615.
 
 
 2
 Upon return of the case to the district court, neither party suggested that the record was not sufficient for making the determination required by the order of remand. Accordingly, the district court received briefs from the parties and then issued a memorandum decision. In its memorandum decision, after ruling that Crawford was not guilty of any breach of duty to the corporation in restructuring the D'Arco and Kelly transaction the district court stated:
 
 
 3
 Moreover, we cannot say that it has been shown by a preponderance of the evidence that the corporation was damaged by the restructuring. That is to say, we cannot say that the corporation was worse off by the substitution of the restructured transaction for the existing one or that the fair market value of that which the corporation conveyed in the restructured transaction, as of that time, was less than the fair market value of that which the corporation received in the transaction.
 
 
 4
 The district court then entered judgment in favor of Crawford on the remanded issue and this appeal followed.
 
 
 5
 The primary argument on behalf of the corporation on appeal is that the district court misapplied the Delaware 'business judgment rule' in finding that Crawford breached no duty owed to the corporation. In view of the district court's finding that the corporation was not damaged by the restructuring, we do not believe it is necessary to reach the question of law raised by counsel on appeal. The finding by the district court is not clearly erroneous; rather it is supported by evidence which indicates that the corporation likely received greater value under the restructured transaction than it would have received as the transaction was originally arranged. While this was not conclusively shown, there is probative evidence to support such a finding and the district court did not err in requiring the corporation which made the claim to show by a preponderance of the evidence that it suffered injury. Though the memorandum decision of the district court does not contain numbered findings of fact, it is clear from reading the decision that the district court made a finding on this issue. Without a showing of injury to the corporation the whole basis of this claim evaporates.
 
 
 6
 The corporation also contends that the district court misapplied Tennessee law with respect to interest on the judgment for recovery on promisory notes from Wilson to Crawford. Our examination of the authority cited by the parties leads us to conclude that the district court correctly applied the Tennessee law respecting interest on the judgment.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation